■ In the Matter of the Estate of HENRY C. HULBERT, Deceased. ELIZABETH B. SEXTON (Formerly HOLT), et al., Appellants; BANK OF NEW YORK, as Trustee under the Will of HENRY C. HULBERT, Deceased, et al., Respondents.— In a proceeding by the trustee of the trusts for Carolyn H. Bassett, now deceased, under paragraph Fifty-fourth of the will and codicils of Henry C. Hulbert, for the settlement of the trustee's account and for a judicial construction of said paragraph of the will insofar as it relates to a so-called third trust which provided that the trustee was to pay the income thereof, after the death of the testator's daughter Carolyn, to her third or other child besides her two natural born children, if any such child should be living at the time of his death, etc., Carolyn's two natural born children, Elizabeth B. Sexton (formerly Holt and Hulbert D. Bassett (individually and as an executor of Carolyn) appeal from so much of the decree of the Surrogate's Court, Kings County, dated July 14, 1961, as construed the will to the effect that the third trust created for Carolyn H. Bassett by said paragraph Fifty-fourth is to continue during the lifetime of Anne Walker, the adopted daughter of Carolyn H. Bassett, and that the net income of said trust is to be paid over to Anne Walker during her lifetime. Decree modified on the law and the facts, by striking therefrom the third decretal paragraph and by substituting therefor a provision directing that the principal of said trust is to be paid over to the appellants in equal shares. As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs, payable out of the said third trust, and matter remitted to the Surrogate's Court for the entry of a decree not inconsistent herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The testator's will was executed in 1907. Four codicils were made between that date and June, 1910, and he died in 1912. He was survived by two daughters, Susan and Carolyn; by three children of Susan, and by two children (the appellants) of Carolyn. In 1920, Carolyn adopted Anne Walker, who was then 18 years of age. Anne Walker has presented no claim that she is the third or other child referred to in the testator's will and has declared that it does not seem to her that she had a legal or ethical right to any part of his estate. *Inter alia*, in paragraph Fifty-fourth of his will, the testator gave $1,700,000 in trust to a trustee to be divided into 1,700 equal parts. The trustee was directed to pay the income of 133 1/3 parts to Susan during her lifetime and, after her death, to pay the income thereof to Josephine, one of Susan's daughters and, after her death, to pay the principal to such person or persons as Josephine may direct or appoint in her last will and, such appointment failing, to pay over the principal sum to the heirs of Josephine. Two trusts, each involving 133 1/3 parts, were established which were identical with the trust described heretofore, except that one of the other children of Susan was named therein respectively in place of Josephine. Two trusts, each of 133 1/3 parts, were established which were identical with the first trust described herein, except that Carolyn was the daughter of the testator named therein and one of Carolyn's children was named respectively therein in place of a child of Susan. In the so-called third trust, the trust in issue herein, the trustee was directed to pay over the income of 133 1/3 parts to Carolyn "during her natural life, and after her death to pay over the income thereof to her third or other child besides said Hulbert D.

Bassett, and Elizabeth H. Bassett, if any such child shall be living at the time of my death, during his or her life, and after his or her death to pay over the principal sum thereof to such person or persons as the said child may by his or her last will and testament direct or appoint, and in case the said child shall not by his or her last will and testament direct or appoint the disposal of the said fund, then and in that event to pay over the principal sum thereof to the heirs of the said third child of Carolyn H. Bassett." Paragraph Fifty-fourth of the will also provided: "In case my daughter Carolyn H. Bassett shall not at the time of my death have three children living or in case she shall not leave her surviving said three children, or in case any of said children shall have predeceased her without leaving issue living at the time of her death, then the said part or parts set apart for said child or children during life shall at once be paid over to the surviving child or children and issue of deceased child or children of said Carolyn H. Bassett in equal shares per stirpes." No extraneous facts existing at the time that the will was executed are shown which indicate that the testator intended to include a child adopted by one of his children after his death as a beneficiary under said third trust (see, e.g., *Matter of Ricks,* 12 A D 2d 395, affd. 10 N Y 2d 231). Moreover, in our opinion, it is clear that the testator did not intend to have the third trust held partially in abeyance until it was ascertained whether his daughter Carolyn would give birth to a third child or adopt a child after his death. A child born to Carolyn after his death would not be entitled to income from said trust after Carolyn's death. A person adopted by Carolyn eight years after his death, although alive at the time of his death, should have no stronger claim than a natural born child. Our conclusion is fortified by the fact that three trusts were established for the benefit of testator's daughter Susan, with the income payable on her death to each of her children respectively. No such trust was established for a possible fourth child of Susan. In the creation of two separate trusts for the benefit of Carolyn during her lifetime, with the income payable after her death to each of Carolyn's named children respectively, and in the creation of the third trust for Carolyn, which is in issue the testator endeavored to provide equally for the benefit of his two children, the three children of Susan, the two children of Carolyn, and a possible third child of Carolyn who might be born before his death. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur. [28 Misc 2d 160.]